**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ST. CLAUDE BYWATER PROPERTIES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5194** |
| **FIDELITY NATIONAL INSURANCE COMPANY** | **Section "B" (4)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion for New Trial/Reconsideration (Rec. Doc. No. 49). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for New Trial/Reconsideration is **DENIED**.

### *BACKGROUND*

On August 29, 2005, Hurricane Katrina caused flooding and subsequent damage to property located at 3401 St. Claude Avenue, New Orleans, Louisiana owned by Plaintiff, St. Claude Bywater Properties, L.L.C. Fidelity National Insurance Company pursuant to the National Flood Insurance Program ("NFIP") under Policy No. 87-02002432-2005 issued June 9, 2005 provided coverage on Plaintiff's building worth $500,000. Plaintiff estimated its flood damages to be $394,483.64, for which a claim was made against Defendant. However, Defendant calculated and paid a total of $65,028.55 to Plaintiff under coverage A (building) of the SFIP. Plaintiff claims to have provided the appropriate Proof of Loss documentation for Defendant's review. However, Defendant denies this and has refused to provide additional payment. After

1

the refusal, Plaintiff sold the property "as is" on August 21, 2006 for $250,000.00. As a result of the discrepancy in payment from Defendant, Plaintiff filed suit against Defendant seeking damages under its Flood Insurance Policy.

Plaintiff's contractor submitted upon receipt of subpoena, a one-page flood estimate, a two-page wind damage estimate in the amount of $405,528.61, a clean up estimate, several dumpster receipts, receipts for the roofing materials and several invoices to Plaintiff. Defendant alleged that neither estimate lists the rooms, sizes, measurements, materials, or include line-by-line damages. Defendant claimed that the absence of such detail makes it impossible to determine what repairs are required or if those repairs resulted from flood and are compensable under the SFIP. Defendant also asserted that the Prestige subpoena response does not contain any notes, diagrams, etc. setting forth measurements or dimensions of the building. Therefore, Defendant refused to render any additional payment to Plaintiff.

After consideration of Defendant's Motion for Judgment on the Pleadings (Rec. Doc. No. 10) and Motion for Summary Judgment (Rec. Doc. No. 15), this Court dismissed the state law based claims for attorney's fees (Rec. Doc. No. 39). After trial of this matter, this Court issued a judgment awarding Plaintiff $175,670.86, as well as attorney's fees at the federal rate to Plaintiff (Rec. Doc. No. 49). On November 20, 2007, this Court issued an order clarifying that its prior dismissal of claims

regarding attorney's fees applied only to state and extra-contractual claims and instructed both Plaintiff and Defendant to review *Dwyer v. Fidelity National Property & Casualty Insurance Company*, 2007 WL 2265036 (E.D. La. 08/03/07) and submit briefs to the Court either supporting or refuting the award of attorney's fees in conjunction with an NFIP claim (Rec. Doc. No. 50). Parties complied this Court's order to submit such briefs, and Defendant also filed a Motion for New Trial/Reconsideration (Rec. Doc. No. 51) to which Plaintiff responded (Rec. Doc. No. 54).

Defendant asks that this Court reconsider its November 9, 2007 judgment awarding attorney's fees to Plaintiff on the grounds that the Court's ruling is in clear error, both factually and legally.  Defendant cites case law in which the court denied Equal Access to Justice Act ("EAJA") attorney's fee awards in connection to claims arising under the National Flood Insurance Program as support for its assertion of their denial in the impending matter.  Defendant also claims that as a WYO Program carrier, it is not subject to EAJA attorney's fee awards. Defendant also contends that if this Court determines that EAJA applies to the WYO Program carrier, then evidence does not support a finding that Fidelity's acts were not substantially justified.  Finally, Defendant seeks an explanation from the court regarding its award of EAJA attorney's fees.

Plaintiff contends that Defendant's citation to 28 U.S.C. § 62.23(g), remarking that the text refers to an Act of Congress is incorrect and not part of the statute; the text highlighted

3

refers to FIA regulation 44 C.F.R. §62.23(g). Plaintiff further states that despite the Federal Insurance Administration ("FIA") assertion that a WYO company shall act as a fiscal agent of the Federal Government, but not as its general agent, the FIA control is so pervasive as to make the WYO company a general agent for the FIA so as to bind it to the provisions of the EAJA. Finally, Plaintiff defends the grant of EAJA attorney's fees by highlighting that the amount paid by Defendant before trial ($65,000.00) was substantially less than the Court award of $175,670.86, indicating that the Defendant's actions should not be deemed as "substantially justified." Last, Defendant's assertion that the submission of inadequate proof of loss served as justification for denying the grant of additional payment is not supported by case law.

## DISCUSSION

### A. Reconsideration Standard

A motion for reconsideration challenging the prior judgments on the merits may be treated as a motion "to alter or amend" under Rule 59(e) if filed within ten days of judgment. *See Lavespere v. Niagara Mach, & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) (abrogated on other grounds); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir.1993). Specific grounds to alter or amend judgments are not listed in Federal Rule of Civil Procedure 59, and a district court has considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993).

However the courts have identified several grounds upon which a Rule 59(e) motion may be granted, including:(1) that the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) that reconsideration is necessary to prevent manifest injustice; or (4) that serious misconduct of counsel justifies relief. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993); *see also Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource*, Inc., 2004 WL 1488665, at *1 (E.D. La. 2004).

**B.  EAJA Attorney's Fee Awards**

In the instant matter, Defendant alleges that this Court's grant of EAJA attorney's fees stems from manifest errors of law or fact.  Specifically, Defendant contests the court's award of EAJA attorney's fees based on the notion that as a WYO carrier, it does not fall under the EAJA.  In addition, Defendant claims that evidence does not support a finding that its acts were not substantially justifiable.

**1.  Applicability of EAJA Attorney's Fee Awards**

Defendant asserts that Congress has determined that WYO Program carriers are "fiscal agents", but not "general agents" of the Government.  Defendant erroneously refers to federal regulation 44 C.F.R. § 62.23 as 28 U.S.C. § 62.23(g) to support this proposition.  Prior to 2004, The Federal Insurance Administration regulations provided that a claimant "may pursuant to 42 U.S.C. 4072, institute an action on such claim against the

5

Federal Insurance Administrator in the U.S. District Court for the district in which the insured property or the major property thereof shall have been situated, without regard to the amount in controversy." 44 C.F.R. §62.22.  However, subsequent to its 2004 modification, the regulation now states that a claimant "may, pursuant to 42 U.S.C. 4072, institute an action on such claim against the insurer only in the U.S. District Court. . ."  *Id.*  Also modified that year was 44 C.F.R 62.23(g), which formerly stated, "WYO Companies shall not be agents of the Federal Government and are solely responsible for their obligations to their insureds under any flood insurance policies issued under agreements entered into with the Administrator.  44 C.F.R. 62.23 now reads, "A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent.  Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." *Id*.

In support of the proposition that WYO Program carriers are "fiscal agents", but not "general agents" of the Government and therefore not subject to EAJA attorney's fee awards, Defendant cites *Jackson v. Federal Emergency Management Agency, et al,* Case No. 2:06-cv-04169-JCZ-SS and *Dickerson v. State Farm Fire and Cas. Co.*, 2007 WL 1537631 (E.D.La. 5/ 3/07)(A.McNamara), as well

as *Schopen v. State Farm Ins. Co.*, 1996 WL 696444, *2-3 (E.D.La 1996) and *Adams v. State Farm Fire & Cas. Co.*, 1996 WL 592734, *2-3 (E.D.La. 1996). However, *Dwyer v. Fidelity National Property & Casualty Insurance Company* correctly points out that both *Adams* and *Schopen* rely on the earlier version of 44 C.F.R. § 62.23 that said that WYO companies are not agents of any form of the federal government, and these cases were also decided before FEMA regulated itself out of §4072. 2007 WL 2265036 (E.D.La. 08/03/07). *Dickerson v. State Farm* has specifically addressed whether plaintiffs are entitled to attorney's fees under the EAJA against a WYO carrier. 2007 WL 1537631 (E.D.La. 2007). Relying the language of 44 C.F.R. 62.23(g), the *Dickerson* court indicated that the WYO Company is a fiscal agent of the Government and not a general agent so Plaintiffs are not entitled to EAJA attorney's fees. Finally, upon consideration of a Motion for Partial Summary Judgment, *Adams v. State Farm Fire & Cas. Co.* denied the grant of EAJA attorney's fees on the basis that as an agent of the United States, it is not an agency as required by the EAJA, citing both *Dickerson* and *Schopen*.

In order to encourage private citizens to seek action against unreasonable governmental action, the EAJA 28 U.S.C.A. § 2412 permits the award of reasonable attorney's fees to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity. Such an award is permitted unless the court finds that the position of the United

States was substantially justified or that special circumstances make an award unjust. *Id*.

The NFIA and the NFIP define "federal agency" broadly to include: any department, agency, corporation, or other entity or instrumentality of the executive branch of the Federal Government. 42 U.S.C. §4003; 44 C.F.R. §59.1 *Dywer* states that a WYO company constitutes an "other entity or instrumentality of the executive branch" as supported by the NFIA and NFIP definitions, promulgated by Congress, as well as by their function as an arm of FEMA. While Defendant cites cases that rely upon the distinction of a WYO carrier being a fiscal agent as opposed to a general agent, this does not preclude the application of the federal definitions of federal agency to WYO carriers. These carriers represent FEMA in federal court when lawsuits are brought, and therefore act as an entity of the executive branch, which falls under the NFIA and NFIP definitions of agency. As such, they are potentially subject to EAJA attorney's fee awards. Moreover, the 2004 amendments to 44 C.F.R. 22.23(g) remove the mutual exclusivity that the federal and administrative definitions once bore. This court agrees with the rationale of *Dwyer* that asserts that it is contradictory for a WYO carrier to argue on one hand that it is not subject to EAJA fees because it is not an agency of the government, and on the other hand, that the "robe of sovereign immunity" protects WYO Program carriers against awards of post-judgment interest.

**2. Substantially Justifiable Standard**

8

In order to obtain an award of EAJA attorney's fees, the court must find that the position of the United States was not substantially justified or that there were no special circumstances that would make an award unjust.  24 U.S.C. 2412.  In *Pierce v. Underwood*, the Supreme Court construed "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 565 (1988).

Judge Lemelle stated in court that he, "[did not] believe there was any fault on the part of the agent for the National Flood Insurance Program, here Fidelity, or its adjusters in perhaps not being able to give as quick an analysis as was given by Ms. LeBlanc." However, these remarks ought not be taken out of context as they reference the speed at which an analysis was made, not the continued denial of payment.  Plaintiff had to take Defendant to court in order to be awarded $174,670.86, more than two times the amount Defendant had paid.  In addition, the basis upon which Defendant continued to deny payment is inconsistent with case law regarding adequate proof of loss.  The revised estimate as of January 24, 2006 contained square footage, specific amounts, descriptions and unit costs alongside the description of which property was damaged (an address).  In addition, at the request of Defendant, a further breakdown based on square footage was supplied for Defendant, yet Defendant continued to refuse to render additional payment.  The proof of loss eventually supplied fell in line with the specifications

listed in *Durkin v. State Farm Mutual Insurance Company*, and sharply contrasts allegations made by Defendant regarding a lack of square footage breakdown. 3 F.Supp.2d 724 (E.D.La 06/24/97).[1] Defendant's continued refusal would not satisfy a reasonable person. Therefore, EAJA attorney's fees should be granted.

### *CONCLUSION*

In light of the analysis above, Reconsideration of the Judgment and/or a New Trial is unwarranted given the absence of errors as asserted by Defendant. **IT IS ORDERED** that Defendant's Motion is **DENIED**.

New Orleans, Louisiana, this 31st day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[1] In *Durkin v. State Farm Mutual Insurance Company*, 3 F.Supp.2d 724 (E.D.La 06/24/97), the Court granted State Farm's motion for summary judgment regarding the inadequate submission of Proof of Loss documentation. Plaintiff did not present any receipts, bills or other documentation to substantiate his ownership or the value of any of the items listed on his personal property inventory. *Id.* at 726.